IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Commonwealth of Pennsylvania     :
    :
    v.                       :    No. 949 C.D. 2013
    :    Submitted: April 17, 2014
Steven J. Wolfgang,        :
                  Appellant    :


BEFORE:    HONORABLE RENÉE COHN JUBELIRER, Judge
                  HONORABLE MARY HANNAH LEAVITT, Judge
                  HONORABLE ROCHELLE S. FRIEDMAN, Senior Judge


OPINION
BY JUDGE LEAVITT                        FILED: August 7, 2014

        Steven J. Wolfgang, *pro se*, appeals an order of the Court of Common Pleas of the 39th Judicial District (Franklin County Branch) (trial court) granting the Commonwealth's petition for the forfeiture and destruction of firearms seized from Wolfgang's home, where he was arrested on several criminal charges. We vacate and remand.

        State Police troopers went to Wolfgang's home on July 20, 2010, to investigate a tip that marijuana was being grown in a cornfield behind Wolfgang's house. One officer detected the odor of burnt marijuana on Wolfgang's person, and another officer observed marijuana plants growing in his back yard. Wolfgang consented to a search of the home and property. The officers seized marijuana, drug paraphernalia and 17 firearms from Wolfgang's home. Wolfgang was arrested and charged with several drug offenses: unlawful manufacturing of a controlled substance, unlawful possession of marijuana and unlawful possession of drug paraphernalia. Wolfgang was also charged with one count of illegal

possession of a firearm. The latter charge was based upon his prior 2007 felony conviction, which conviction rendered him unable to possess a firearm. 18 Pa. C.S. §6105.[1]

Wolfgang pled guilty to one count of manufacturing a controlled substance and one count of illegal possession of a firearm. At his sentencing hearing on August 10, 2011, the trial court judge advised Wolfgang that he could neither own nor possess a firearm. Notes of Testimony, August 10, 2011, at 6-7. Wolfgang inquired about transferring the firearms, which Wolfgang described as family heirlooms, to a family member. The trial court advised Wolfgang that he could file a motion for return of property. Wolfgang did not file this motion.

On October 16, 2012, the Commonwealth filed the instant forfeiture petition. In his answer, Wolfgang raised procedural and substantive challenges to the Commonwealth's petition. Attached to his answer was a copy of a letter from his sister and brother-in-law indicating their willingness to assume ownership of the guns. At the forfeiture hearing, the Commonwealth asserted that the seized firearms were contraband and subject to forfeiture because Wolfgang had been convicted of illegal possession of firearms. The trial court granted the forfeiture petition, holding that Wolfgang was "well outside the sixty day time period to relinquish any firearms in his possession." Trial court op. at 3. Wolfgang appealed to this Court.

On appeal,[2] Wolfgang argues that the trial court erred by (1) refusing to permit Wolfgang to introduce signed statements from his sister and brother-in-

---

[1] The text of 18 Pa. C.S. §6105 appears in the body of this opinion, *infra.*

[2] Our standard of review on appeal is limited to examining whether the trial court's factual determinations were supported by competent evidence and whether the trial court abused its

**(Footnote continued on the next page . . . )**

law requesting that the seized firearms be transferred to them; (2) not allowing testimony from the State Police that they had allowed Wolfgang to retain the firearms after his prior felony conviction; and (3) allowing the Commonwealth to destroy several of the seized firearms without a valid court order.[3]

We begin with the applicable statute. Section 6105 of the Pennsylvania Uniform Firearms Act of 1995 (Firearms Act) prohibits a person convicted of certain crimes, including a felony, to possess or use a firearm. It states, in relevant part, as follows:

> (a) Offense defined –
>
> (1) A person who has been convicted of an offense enumerated in subsection (b), within or without this Commonwealth, regardless of the length of sentence or whose conduct meets the criteria in subsection (c) shall not possess, use, control, sell, transfer or manufacture or obtain a license to possess, use, control, sell, transfer or manufacture a firearm in this Commonwealth.
>
> (2)(i) A person who is prohibited from possessing, using, controlling, selling, transferring or

---

**(continued . . . )**

discretion or committed an error of law. *Commonwealth v. Morelli*, 55 A.3d 177, 179 (Pa. Cmwlth. 2012).

[3] Wolfgang's brief raises issues not listed in his Concise Statement of Errors Complained of on Appeal, including prejudicial delay in filing the forfeiture petition; inadequate notice of the forfeiture petition; failure to establish that the items were contraband or derivative contraband; and ineffective assistance of counsel. Pursuant to PA. R.A.P. 1925(b)(4)(vii), issues not included in Wolfgang's statement of errors complained of on appeal are waived. Further, the above-listed issues in Wolfgang's brief are not facially subsidiary to any of the issues contained in Wolfgang's Concise Statement of Errors Complained of on Appeal. PA. R.A.P. 1925(b)(4)(v). As such, these extraneous issues raised in Wolfgang's brief are deemed waived. PA. R.A.P. 1925(b)(4)(vii). Those extraneous issues will be addressed in this opinion only insofar as they arise in the course of examining the issues preserved for appeal.

3

manufacturing a firearm under paragraph (1) or subsection (b) or (c) shall have a reasonable period of time, *not to exceed 60 days from the date of the imposition of the disability under this subsection, in which to sell or transfer that person's firearms to another eligible person* who is not a member of the prohibited person's household.

18 Pa. C.S. §6105(a) (emphasis added). There is no dispute that Wolfgang's 2007 felony conviction was for an offense "enumerated in subsection (b)." *Id.* Thus, he had 60 days from the "date of the imposition of the disability" to transfer his firearms "to another eligible person." *Id.* The "date of the imposition of the disability" is the date on which a judgment of conviction is entered for an enumerated offense. *Commonwealth v. Appleby*, 856 A.2d 191, 194-95 (Pa. Super. 2004). Wolfgang's disability began in 2007. Notably, Section 6105 provides no instruction on what was to happen to the firearms that Wolfgang failed to transfer within 60 days of his statutory disability.

By contrast, what is commonly referred to as the Controlled Substances Forfeiture Act (Forfeiture Act), 42 Pa. C.S. §§6801-6802, provides specific instructions with respect to firearms seized in connection with a drug violation. The Forfeiture Act states, in pertinent part, as follows:

> (a) The following shall be subject to forfeiture to the Commonwealth and *no property right shall exist in them*:
>
> * * *
>
> (7) Any firearms, including, but not limited to, rifles, shotguns, pistols, revolvers, machine guns, zip guns or any type of prohibited offensive weapon, as that term is defined in 18 Pa. C.S. (relating to crimes and offenses), which are used or intended for use to

4

facilitate a violation of The Controlled Substance, Drug, Device and Cosmetic Act.[4] Such operable firearms as are found in close proximity to illegally possessed controlled substances shall be rebuttably presumed to be used or intended for use to facilitate a violation of The Controlled Substance, Drug, Device and Cosmetic Act. All weapons forfeited under this section shall be immediately destroyed by the receiving law enforcement agency.

42 Pa. C.S. §6801(a)(7) (emphasis added). Thus, there is no property right in firearms used to facilitate a violation of the Controlled Substance, Drug, Device and Cosmetic Act.

Here, the Commonwealth did not seek a forfeiture of Wolfgang's firearms under authority of the Forfeiture Act. The Commonwealth's petition does not identify the legal authority for its forfeiture request. The Pennsylvania Superior Court has construed the common law of criminal forfeiture to allow the forfeiture of weapons seized from a person convicted under 18 Pa. C.S. §6105(a)(1). *See In re Firearms, Eleven*, 922 A.2d 906 (Pa. Super. 2007). It is presumed that, here, the Commonwealth's request for forfeiture was based on the common law of criminal forfeiture, as in *Firearms, Eleven*.

In *Firearms, Eleven*, the Superior Court held that firearms seized from a person who has violated 18 Pa. C.S. §6105 can be forfeited. In doing so, the Superior Court relied upon *Commonwealth v. Crosby*, 568 A.2d 233 (Pa. Super. 1990). In *Crosby*, the Superior Court noted problems, and even conflicts in its own precedent, on whether derivative contraband can be forfeited as a matter of

---

[4] Act of April 14, 1972, P.L. 233, *as amended,* 35 P.S. §§780-101 – 780-144.

common law upon the criminal conviction of its owner. *Id.* at 239-40. The Superior Court concluded that forfeiture of derivative contraband at common law was permissive but not compulsory. The Superior Court also acknowledged that in the absence of legislation, many questions were left unanswered including, *inter alia*, what should be done with the forfeited property. In *Firearms, Eleven*, the Superior Court did not attempt to answer those questions. Rather, it simply concluded that it was bound by *Crosby* and, thus, held that firearms possessed in violation of 18 Pa. C.S. §6105(a) may be forfeited under the common law of criminal forfeiture.

In this proceeding, as in any forfeiture, the Commonwealth bears the burden of proof by a preponderance of the evidence that the property is contraband. *Commonwealth v. Howard*, 713 A.2d 89, 92 (Pa. 1998). The law recognizes two types of contraband: contraband *per se*, and derivative contraband. As was explained in *Howard*,

> [c]ontraband *per se* is property the mere possession of which is unlawful…. Heroin and 'moonshine' whiskey are examples of contraband *per se*. Derivative contraband is property innocent by itself, but used in the perpetration of an unlawful act. An example of derivative contraband is a truck used to transport illicit goods.

*Id.* at 92 (quoting *Commonwealth v. Fassnacht*, 369 A.2d 800, 802 (Pa. Super. 1977)). The Superior Court has held that firearms sought to be forfeited in connection with a violation of 18 Pa. C.S. §6105 are derivative contraband. *Firearms, Eleven*, 922 A.2d at 911. In so holding, the Superior Court reasoned that "[g]uns are not contraband per se because, unlike heroin or moonshine, it is not 'inherently illegal' to possess a weapon." *Id*. at 910.

6

Although the firearms are contraband when possessed by Wolfgang, they are not contraband in the hands of Wolfgang's sister or brother-in-law. These firearms did not become contraband items, even as to Wolfgang, until 60 days had passed from the date of his felony conviction in 2007, the inception of his statutory disability. Stated otherwise, until 61 days passed from the date of his 2007 felony conviction, Wolfgang could not be prosecuted for violating 18 Pa. C.S. §6105. And until he was actually convicted of violating 18 Pa. C.S. §6105(a), the seized firearms could not be the subject of a criminal common law forfeiture proceeding.

The 60-day grace period in Section 6105(a)(2) is irrelevant to the deadline for filing a motion for return of seized property under Pennsylvania Rule of Criminal Procedure 588.[5] A motion for return of property must be filed within six years of the final disposition of the underlying criminal case, whether by conviction, acquittal or withdrawal of the criminal charges. *Commonwealth v. Allen*, 59 A.3d 677, 681 (Pa. Cmwlth. 2012), *appeal granted,* 74 A.3d 121 (Pa. 2013). The statute of limitations for a motion for return of confiscated property in a criminal common law forfeiture proceeding has not been addressed previously by this Court. Rule 588 authorizes a motion for return of property in any case where

---

[5] Rule 588 provides, in relevant part:

    (A)   A person aggrieved by a search and seizure, whether or not executed pursuant to a warrant, may move for the return of the property on the ground that he or she is entitled to lawful possession thereof. Such motion shall be filed in the court of common pleas for the judicial district in which the property was seized.

    (B)   The judge hearing such motion shall receive evidence on any issue of fact necessary to the decision thereon. If the motion is granted, the property shall be restored unless the court determines that such property is contraband, in which case the court may order the property to be forfeited.

PA. R.CRIM.P. 588.

property has been seized by the Commonwealth, whether as evidence or as contraband. We see no reason to impose a different statute of limitations for the same motion where the Commonwealth chooses to pursue criminal common law forfeiture as opposed to a statutory forfeiture.

A party seeking return of confiscated property has the burden to prove by a preponderance of the evidence that he is entitled to lawful possession of the property at issue. *Commonwealth v. Morelli*, 55 A.3d 177, 180 (Pa. Cmwlth. 2012). A person prohibited from possessing firearms under Section 6105 of the Firearms Act cannot, as a matter of law, meet the burden of proof necessary for return of confiscated firearms to himself. We find no precedent for a motion for return that would place the seized property not in the hands of the owner but, rather, in the hands of a third person whose ownership of the property is legal. However, we cannot rule out that a motion for return is an appropriate vehicle for transferring firearms to a third person who is not prohibited from possessing firearms and for whom the firearms are not contraband. Indeed, the trial court advised Wolfgang to file a motion for return as the vehicle for transferring the firearms to family members when he was sentenced on August 10, 2011, for violating 18 Pa. C.S. §6105.

Turning to Wolfgang's issues on appeal, he first contends that the trial court erred by refusing to permit him to introduce signed statements from his sister and brother-in-law requesting that the court allow them to take ownership of the seized firearms.[6] Wolfgang views these statements as a substitute for the motion

_____

[6] It is unclear from Wolfgang's brief and Concise Statement of Errors Complained of on Appeal exactly which signed statements from Wolfgang's sister and brother-in-law are at issue. Presumably, Wolfgang is referring to the letter from his sister and brother-in-law that was attached as an exhibit to Wolfgang's answer to the Commonwealth's forfeiture petition.

for return of property that he alleges his counsel intended to file but never did. We disagree that this proffered evidence can serve as a substitute for a motion to return. Nevertheless, we also disagree with the trial court's stated reasons for refusing to allow a transfer of the firearms to Wolfgang's relatives and granting their forfeiture.

The trial court held that a transfer could not be done in 2011 because it was more than 60 days after Wolfgang's felony conviction in 2007. This was error. The purpose of the statutory 60-day grace period is to allow the person with the statutory "disability," by reason of his conviction, to avoid the commission of another crime by violating Section 6105 of the Firearms Act. The person with the statutory disability cannot be prosecuted before day 61, and the trial court erred by giving the 60-day grace period broader significance. Simply, Section 6105(b) does not place a deadline on the transfer of the firearms. For example, Wolfgang could have transferred his "family heirlooms" to his sister two years after his 2007 felony conviction. That transfer would have been lawful. However, it would not have resolved Wolfgang's criminal liability. He could still be prosecuted for possessing the firearms for one year and 10 months in violation of 18 Pa. C.S. §6105(a).

Likewise, Section 6105(b) says nothing about whether the firearms can or should be forfeited to the Commonwealth if not transferred to an eligible person by day 61. Section 6105(b) does not abolish all property rights in the firearms, as does, for example, the Forfeiture Act. *Cf.* 42 Pa. C.S. §6801(a) (stating that "no property right shall exist" in items subject to forfeiture).

A violation of Section 6105 does not, in itself, preclude the filing of a motion to return (and transfer) the firearms within the applicable statute of limitations, which, as noted above, is six years. Indeed, Wolfgang was invited to

9

do so by the trial court at his sentencing. That limitations period commenced when Wolfgang pled guilty and was sentenced on August 10, 2011. *Allen*, 59 A.3d at 681. The six-year statute of limitations has not yet expired.

Wolfgang next contends that the trial court erred by not allowing state police officers to testify that they permitted Wolfgang to retain possession of the firearms after his prior felony conviction in 2007. We find no such error. Wolfgang did not subpoena any state police officers to appear at the forfeiture hearing and no officers were listed as present at the hearing. There was no proffer of any such testimony on the record or any discussion of how such testimony would relate to Wolfgang's case. There is nothing in the record to suggest the trial court would not have allowed testimony from the state police. Wolfgang's assignment of error lacks merit.

Finally, Wolfgang contends that the trial court erred by allowing the Commonwealth to destroy several of the seized firearms without a valid court order. Wolfgang avers that the police seized close to 100 firearms from his property whereas only 16 firearms were designated in the Commonwealth's Petition for Forfeiture. Wolfgang's estimate of the number of firearms seized is inconsistent with the record. The affidavit of probable cause stated that 17 firearms were found and seized at the time of arrest.[7] Even if additional firearms were seized, Wolfgang produced no evidence to support his contention that any firearms were destroyed. The Commonwealth argues that firearms can be destroyed, citing Section 6801(a)(7) of the Forfeiture Act, 42 Pa. C.S. §6801(a)(7). However, its petition was not filed under the Forfeiture Act.

---

[7] There is no explanation in the record for the discrepancy between the forfeiture petition, which identified 16 firearms, and the affidavit of probable cause, which identified 17 firearms.

The trial court misapprehended the legal standard in holding that the firearms could not be transferred to any person once 60 days had passed from the inception of Wolfgang's disability and, thus, had to be forfeited. Accordingly, we vacate the forfeiture order and remand the matter for consideration under the correct legal standard.[8] Should Wolfgang, or his sister, file a motion for return (and transfer) of the confiscated firearms, the trial court may consider that motion on remand.[9]

_____
MARY HANNAH LEAVITT, Judge

---

[8] Wolfgang asserted that at least some of the seized firearms were antiques. Section 6118 of the Firearms Act, 18 Pa. C.S. §6118, excludes "antique firearms" from its provisions. Section 6118(c) defines an "antique firearm" as:

(1) Any firearm with a matchlock, flintlock or percussion cap type of ignition system.

(2) Any firearm manufactured on or before 1898.

(3) Any replica of any firearm described in paragraph (2) if such replica:

(i) Is not designed or redesigned for using rimfire or conventional center fire fixed ammunition; or

(ii) Uses rimfire or conventional center fire fixed ammunition which is no longer manufactured in the United States and which is not readily available in the ordinary channels of commercial trade.

18 Pa. C.S. §6118(c). On remand, if Wolfgang proves that some of the firearms are, in fact and in law, "antique firearms" under the Firearms Act, then the trial court must exclude those firearms when considering whether any of the remaining firearms are subject to forfeiture.

[9] Wolfgang may not seek a return of the firearms to himself. However, his possessory interest has not been abolished by 18 Pa. C.S. §6105(a). Rather, *his* possession has been rendered illegal.

11

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Commonwealth of Pennsylvania     :
    :
         v.             :    No. 949 C.D. 2013
    :
Steven J. Wolfgang,     :
            Appellant     :

## **O R D E R**

AND NOW, this 7th day of August, 2014, the order of the Court of Common Pleas of the 39th Judicial District (Franklin County Branch), dated April 23, 2013, in the above-captioned matter is hereby VACATED and the matter is REMANDED in accordance with the foregoing opinion.

Jurisdiction relinquished.

_____
MARY HANNAH LEAVITT, Judge