In Re: Torrey Frederick        :
Motion for Return of Property    :
                                 :
                                 :
Appeal of:                    :   No. 362 C.D. 2018
Commonwealth of Pennsylvania  :   Submitted: July 6, 2018

BEFORE:   HONORABLE ROBERT SIMPSON, Judge
                HONORABLE CHRISTINE FIZZANO CANNON, Judge
                HONORABLE DAN PELLEGRINI, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE FIZZANO CANNON        FILED: August 31, 2018

The Commonwealth of Pennsylvania (Commonwealth) appeals from the June 8, 2017 order of the Centre County Court of Common Pleas (trial court) granting the Petition for Return of Property filed by Torrey Frederick (Frederick) regarding multiple firearms gifted to him by Hobson McKown (McKown). Upon review, we affirm.

On September 2, 2008, police in State College, Pennsylvania, arrested McKown and charged him at Docket No. CP-14-CR-0001569-2008 with two counts of Firearms Not to Be Carried Without a License[1] and one count of Possession of a Firearm in a Court Facility.[2] In accordance with a September 10, 2008 bail condition

---

[1] 18 Pa. C.S. § 6106.

[2] 18 Pa. C.S. § 913.

that he not possess firearms, McKown surrendered multiple firearms to the Centre County Sheriff's Office.

At no time during the litigation of this matter did McKown file a motion for the return of the firearms surrendered pursuant to the bail condition that he not possess firearms. McKown did file, however, on November 13, 2009, a Motion to Reduce Bail seeking reconsideration of the firearms-related bail condition. After a hearing, the trial court denied the motion on December 17, 2009.

On June 2, 2011, a jury found McKown guilty of one count of Firearms Not to Be Carried Without a License.[3] *See* Docket No. CP-14-CR-0001569-2008 at 4-5, 16. On September 1, 2011, the trial court imposed a sentence of two years' probation, during which McKown would be prohibited from possessing, purchasing, or using any firearm.[4] *See id.* at 4-5, 18. The trial court ordered the probationary sentence stayed pending any post-sentence motions or direct appeal filed by McKown. *See id.* at 4.

McKown filed both a post-sentence motion[5] and a direct appeal. The trial court denied his post-sentence motion on January 18, 2012, and the Superior Court affirmed his judgment of sentence on October 22, 2013.[6] *See* Docket No. CP-

---

[3] The Commonwealth *nolle prossed* the second count of Firearms Not to Be Carried Without a License and the one count of Possession of a Firearm in a Court Facility. *See* Docket No. CP-14-CR-0001569-2008 at 5, 15-16.

[4] The terms of McKown's probation did not prohibit him from transferring ownership of any firearm. *See* Docket No. CP-14-CR-0001569-2008 at 4.

[5] McKown's post-sentence motion sought to change the grading of his conviction from a felony to a misdemeanor. *See* Docket No. CP-14-CR-0001569-2008 at 19-20.

[6] During the pendency of his case, McKown filed a motion for the return of certain non-firearm items, including plastic pellet pistols, crossbows, knives, and ammunition, which motion the trial court denied. McKown included a claim regarding the trial court's denial of this motion

14-CR-0001569-2008 at 19-20; *see also Commonwealth v. McKown*, 79 A.3d 678, 696 (Pa. Super. 2013). McKown then filed a petition for allocatur with the Supreme Court of Pennsylvania regarding his judgment of sentence.

On May 1, 2014, during the pendency of McKown's direct appeal, McKown and Frederick executed a notarized document entitled "Bill of Sale" purporting to convey the firearms surrendered to and held by the Centre County Sheriff's Office in compliance with McKown's conditions of bail as a gift from McKown to Frederick. *See* Bill of Sale dated May 1, 2014 (Bill of Sale), attached to Frederick's Petition for Return of Property filed January 31, 2017 (Frederick's Petition for Return of Property) as Exhibit 1.[7]

On May 8, 2014, the Supreme Court of Pennsylvania denied McKown's direct appeal petition for allocatur. *See* Supreme Court Docket No. 906 MAL 2013 at 3.

On January 31, 2017, Frederick filed his Petition for Return of Property in the Court of Common Pleas of Centre County requesting the Centre County Sheriff's Office transfer to him the firearms previously surrendered pursuant to McKown's bail conditions and later conveyed by McKown to Frederick via the Bill

---

in his direct appeal, and, while it affirmed his judgment of sentence, the Superior Court vacated the trial court's order denying the return of McKown's property and remanded for the trial court to direct the return of the non-firearm items. *See Commonwealth v. McKown*, 79 A.3d 678, 696 (Pa. Super. 2013).

[7] The Bill of Sale lists 18 firearms. *See* Bill of Sale. Police seized one of these firearms – the Kel Tec .380 caliber handgun – from McKown's person when McKown was arrested on the underlying charge of Possession of a Firearm in a Court Facility. Police later confiscated the remaining 17 firearms from McKown's residence pursuant to the bail condition that he not possess firearms.

of Sale.[8] *See* Frederick's Petition for Return of Property. On February 14, 2017, the Commonwealth filed its Answer and New Matter Filed On Behalf of the Commonwealth in response to Frederick's Petition for Return of Property. *See* Answer and New Matter Filed on Behalf of the Commonwealth dated February 14, 2017 (Answer and New Matter). The Commonwealth styled its New Matter as a forfeiture petition and alleged therein that Frederick, standing in the shoes of McKown, was barred from requesting a return of the firearms, which the New Matter further alleged "were used or intended for use to facilitate one or more violations of the Pennsylvania Crimes Code as evidenced by McKown's previous crimes code violations." *See id.* at 3-5 (pagination supplied).

On March 6, 2017, the trial court conducted a hearing on Frederick's Petition for Return of Property. *See* Notes of Testimony (N.T.), March 6, 2017. Frederick, proceeding *pro se*, testified at the hearing, as did McKown, Centre County Sheriff Brian Sampsel, and Pennsylvania State Police Trooper Jeffrey Ebeck. On June 9, 2017, the trial court granted Frederick's Petition for Return of Property and commanded the Centre County Sheriff's Office to transfer the firearms in question

---

[8] Frederick's Petition for Return of Property actually sought the return of all 18 firearms listed in the Bill of Sale, including the Kel Tec .380 police seized from McKown during his arrest. *See* Frederick's Petition for Return of Property at 1.

4

to Frederick.[9]  *See* Trial Court Opinion and Order dated June 8, 2017 (Opinion and Order).[10]  The Commonwealth timely appealed.[11, 12]

In its appeal, the Commonwealth argues only that, pursuant to *Commonwealth v. Allen*, 107 A.3d 709 (Pa. 2014), Frederick is barred from filing a petition for return of the firearms in question because, as transferee of the firearms, he now stands in the shoes of McKown, who previously failed to file a timely

---

[9] The trial court granted Frederick's Petition for Return of Property wholesale and provided that "[t]he firearms in question" shall be transferred from the Centre County Sheriff's Office to Frederick.  Trial Court Opinion and Order dated June 8, 2017 (Opinion and Order) at 4.  Prior to the Order portion of the Opinion and Order, however, the trial court acknowledged that the Kel Tec .380 caliber handgun was contraband for which McKown had waived his right to motion for return, stating:

> The [trial c]ourt agrees with the Commonwealth [that McKown's failure to file a motion for return of property waived his right to do so] with respect to the Kel Tec .380 caliber handgun seized as a result of McKown's arrest in 2008, as it was derivative contraband. All of the other weapons, however, were turned over as a condition of bail, and later retained as a condition of McKown's sentence.

Opinion and Order at 2.  Therefore, we regard the Opinion and Order as granting Frederick's Petition for Return of Property as to the 17 non-contraband firearms listed in the Bill of Sale, but denying the Petition for Return of Property as to the Kel Tec .380 caliber handgun seized from McKown upon his arrest, despite the order itself seemingly granting the petition in its entirety. *See id.* at 4.

[10] While dated June 8, 2017, the trial court's opinion and order was filed on June 9, 2017.

[11] The Commonwealth originally filed this appeal in the Superior Court of Pennsylvania. The Superior Court transferred the matter to this Court on February 9, 2018.  *See In Re: Torrey Frederick* (Pa. Super., No. 976 MDA 2017, filed February 9, 2018).

[12] "Our review of a trial court's decision on a petition for the return of property is limited to examining whether the findings of fact made by the trial court are supported by competent evidence and whether the trial court abused its discretion or committed an error of law." *Singleton v. Johnson*, 929 A.2d 1224, 1227 n.5 (Pa. Cmwlth. 2007).

5

petition for return of property. *See* Commonwealth's Brief at 4, 8-9. We do not agree.

In *Allen*, the Supreme Court of Pennsylvania addressed the issue of whether a criminal defendant was obligated to file a petition for return of property prior to the completion of proceedings before the trial court. *See Allen*, 107 A.3d at 714-18. The Supreme Court examined Pennsylvania Rule of Criminal Procedure 588[13] and determined that a criminal defendant's failure to file a motion for return of property either (1) during the pendency of the criminal charges against him, or (2) within thirty days following the dismissal of those charges, results in waiver and precludes review of a later-filed motion for return of property. *Id.* at 718. However, the *Allen* Court expressly limited its decision to cases where the criminal defendant is the property owner seeking return of previously seized property. *Id.* at 717 n.10. The Supreme Court expressly stated that it did not address the timing of a motion

_____

[13] Pennsylvania Rule of Criminal Procedure 588 provides as follows:

**Rule 588. Motion for Return of Property**

(A) A person aggrieved by a search and seizure, whether or not executed pursuant to a warrant, may move for the return of the property on the ground that he or she is entitled to lawful possession thereof. Such motion shall be filed in the court of common pleas for the judicial district in which the property was seized.

(B) The judge hearing such motion shall receive evidence on any issue of fact necessary to the decision thereon. If the motion is granted, the property shall be restored unless the court determines that such property is contraband, in which case the court may order the property to be forfeited.

(C) A motion to suppress evidence under Rule 581 may be joined with a motion under this rule.

Pa.R.Crim.P. 588.

6

for return of property filed by a third party. *Id.* at 718. Accordingly, as the trial court here noted, *Allen* does not control this matter in which Frederick, a third-party claimant, has filed a motion for return of non-contraband property held by the Centre County Sheriff's Office.[14] *See* Opinion and Order dated June 8, 2017 at 2; Trial Court Opinion in Response to Matters Complained of on Appeal dated August 1, 2017 at 1.

Instead, Frederick's Petition for Return of Property is subject to the residual catchall statute of limitations contained in Section 5527(b) of the Judicial Code, which provides, "[a]ny civil action or proceeding which is neither subject to another limitation specified in this subchapter nor excluded from the application of a period of limitation by section 5531 (relating to no limitation)[15] must be

---

[14] We note that *Commonwealth v. Allen*, 107 A.3d 709 (Pa. 2014), does control and preclude as waived any claim for the return of the one firearm the trial court regarded as contraband – the Kel Tec .380 caliber handgun seized during McKown's 2008 arrest. *See supra* note 9.

[15] Judicial Code Section 5531 provides:

> The following actions and proceedings may be commenced at any time notwithstanding any other provision of this subchapter except section 5521 (relating to limitations on foreign claims):
>
> (1) An action against an attorney at law by or on behalf of a client to enforce any implied or resulting trust as to real property.
>
> (2) An action by the Commonwealth, a county or an institution district against the real or personal property of persons who were public charges, including mental patients, to recover the cost of their maintenance and support.
>
> (3) An action by the Commonwealth, a county or an institution district against the real or personal property of persons who were legally liable to pay for the maintenance and support of persons who were public charges, including mental patients, to recover the cost of their maintenance and support.

commenced within six years." 42 Pa. C.S. § 5527(b). This Court recently determined that Section 5527(b)'s residual catchall statute of limitations applies to proceedings involving a motion to return property not statutorily excluded from a period of limitation and to which no other statute of limitations applies. *See In re Return of Pers. Prop.*, 180 A.3d 1288, 1294 (Pa. Cmwlth. 2018) (applying six-year Section 5527(b) residual catchall statute of limitations to a motion for return of non-contraband property filed 13 years after confiscation of property).

Here, the police did not seize the 17 firearms in question as a result of a search and seizure, but instead confiscated the firearms from McKown's home by agreement as a result of the imposition of the bail condition that McKown not possess firearms. Accordingly, there would have been no jurisdictional basis upon which McKown could have filed a motion for return of property pursuant to Pa.R.Crim.P. 588.[16] Likewise, McKown's Firearms Not to Be Carried Without a License conviction did not make him a "person not to possess, use, manufacture, sell, or transfer firearms" such that he would have needed to transfer his firearms within 60 days of his conviction pursuant to 18 Pa. C.S. § 6105(a)(2)(i). Additionally, none of the Section 5531 statutory exclusions applied to either the confiscation of the firearms in question or Frederick's Petition for Return of

---

42 Pa. C.S. § 5531.

[16] Additionally, the bail condition that prompted the confiscation of the firearms in the first place, and the probationary sentence that followed, would have made the filing of such a motion by McKown fruitless.

8

Property. Therefore, Frederick had six years to timely file a motion for return of property, which he accordingly did on January 31, 2017.[17]

In general, "[a] party seeking return of confiscated property has the burden to prove by a preponderance of the evidence that he is entitled to lawful possession of the property at issue." *Commonwealth v. Wolfgang*, 97 A.3d 1274, 1279 (Pa. Cmwlth. 2014); *see also* Pa.R.Crim.P. 588(A). Once a party establishes such lawful entitlement to property, the burden shifts to the Commonwealth to prove the property is contraband. *Wolfgang*, 97 A.3d at 1278; Pa.R.Crim.P. 588(B).

Here, the notarized Bill of Sale and Bill of Sale Addendum formed the basis of Frederick's claim to lawful possession of the firearms in question, and both documents were entered into evidence at the hearing on Frederick's Return of Property Petition. *See* Bill of Sale; Bill of Sale Addendum; N.T. 3/6/2017 at 31. These documents, signed by both McKown and Frederick, purport to convey the firearms to Frederick by way of gift. *See* Bill of Sale; Bill of Sale Addendum. Additionally, both Frederick and McKown testified at the hearing that McKown gifted the firearms to Frederick via the Bill of Sale. *See* N.T. 3/6/2017 at 5, 7, 15, 18. Frederick further testified that he is licensed to carry a firearm in Pennsylvania. *See* N.T. 3/6/2017 at 5. The trial court found this evidence sufficient to meet

---

[17] By any measure, Frederick filed his Petition for Return of Property timely under Section 5527(b). McKown gifted Frederick the firearms on May 1, 2014. If this transfer date is used as the date on which the Section 5527(b) statute of limitations commenced, Frederick would have had until May 1, 2020 to timely file a motion for return of property. Alternatively, even had the Section 5527(b) statute of limitations commenced immediately upon McKown's sentencing on September 1, 2011 (and not upon the imposition of that sentence following the completion of his direct appeal), McKown would have had until September 1, 2017 to timely file a motion for return of property. Therefore, even if he stood in McKown's shoes, as the Commonwealth suggests, Frederick still would have had until September 1, 2017 to comply with the Section 5527(b) limitations period to timely file a motion for return of property. Under either calculation, Frederick timely filed his Petition for Return of Property on January 31, 2017.

9

Frederick's initial burden to illustrate his entitlement to lawful possession of the firearms. Opinion and Order at 2-3.[18] The trial court's conclusion is supported by competent evidence and is neither an abuse of discretion nor an error of law. Accordingly, Frederick's proffered evidence shifted the burden to the Commonwealth to prove that the firearms were contraband.

In determining that the Commonwealth failed to meet its burden of proof that the firearms in question were contraband, the trial court stated as follows:

> Despite the fact that McKown cannot currently possess the firearms due to the conditions of his sentence, the Commonwealth has no basis to assert that these weapons are otherwise contraband subject to forfeiture. They have [sic] failed to prove the firearms were used in the commission of a crime, and this [c]ourt is not inclined to prevent the return of an item simply on the basis that the Commonwealth thinks it will be used in the furtherance of a crime. . . . This [c]ourt believes it [] cannot rule out the use of a motion for return of property as a means to place non-contraband, voluntarily relinquished items in the hands of a third party who can legally possess them.

Opinion and Order at 3. We agree that the Commonwealth failed to carry its burden to prove that the firearms in question were contraband. The record contains no evidence that the firearms were used in the commission of any crime. *See generally* N.T. 3/6/2017. Additionally, the Centre County Sheriff testified that he had no basis to believe that McKown illegally obtained the firearms. *Id.* at 24. Simply stated,

---

[18] The trial court further noted that the Commonwealth's filings evidenced McKown's lawful purchase of 13 of the firearms in question and the Commonwealth concedes McKown lawfully purchased all the firearms. *See* Opinion and Order at 3; Commonwealth's Brief at 6. In any event, the Commonwealth does not dispute that the police retrieved the firearms in question from McKown's residence as a condition of bail.

10

the record contains no evidence the firearms in question were in any way contraband of any crime.[19] Accordingly, we find the trial court's conclusion that the Commonwealth did not meet its burden of proving that the firearms were contraband is also supported by competent evidence, not an abuse of discretion, and free of legal error.

Finally, to the extent the Commonwealth argues that the equitable doctrine of laches bars Frederick from successfully litigating a motion for return of property, we do not agree. The Commonwealth's laches argument, in its entirety, is as follows:

> Torrey Frederick says he got the firearms by gift May 1, 2014 and he did nothing between that date and January of 2017. Equity aids the vigilant and not those who sit on their rights. Frederick similarly failed to act with any reasonable diligence. See Kern v. Kern, 8[9]2 A.2d [1] (Pa. Super. [] 2005).

Commonwealth's Brief at 8-9. The Commonwealth neither develops this claim in any meaningful way nor explains the relevance of *Kern*, an estate distribution case,

---

[19] The Commonwealth's Statement of Errors Complained of Pursuant to Rule 1925 of the Pennsylvania Rules of Appellate Procedure (1925(b) Statement) claimed that the gift of the firearms accomplished by the Bill of Sale was a sham designed to allow McKown to retrieve his firearms at a later date. *See* 1925(b) Statement at 1-2, ¶ 3. We note, however, that: (1) the Commonwealth waived this claim by failing to address it in its brief to this Court (*see* Pa.R.A.P. 2119(a)); (2) the trial court rejected the claim as being "based entirely on speculation and mistrust of McKown, not any evidence show[n,]" (Opinion and Order at 3); and (3) such a claim is unsupported by the record (*see* N.T. 3/6/2017 at 10-11). Further, even if we accepted that the Bill of Sale was a contrivance designed to allow McKown to later reacquire the firearms, and we further assumed that such a future transfer to McKown would violate the Crimes Code in some way, the existence of such conditions would not convert the otherwise then-non-contraband firearms into contraband in anticipation of some possible future crime.

11

to the instant matter.[20] *See id.* This Court declines to develop or argue this claim on the Commonwealth's behalf, and it is accordingly waived.[21] *See In re Condemnation of Land for S. E. Cent. Bus. Dist. Redevelopment Area No.1 (405 Madison St., City of Chester)*, 946 A.2d 1154, 1156 (Pa. Cmwlth. 2008) ("Arguments not properly developed in a brief will be deemed waived."); *see also* Pa.R.A.P. 2119(a).

Because the trial court's order granting Frederick's Petition for Return of Property is supported by competent evidence, not an abuse of discretion, and free of legal error, we affirm the trial court's order to the extent it granted the return of the 17 firearms confiscated pursuant to McKown's bail condition.

_____
CHRISTINE FIZZANO CANNON, Judge

---

[20] We note that the Commonwealth does not actually mention the term "laches" in its argument.

[21] To the extent any discussion of laches could be required in relation to this case, we note:

> In order to apply the doctrine [of laches] to bar prosecution of a stale claim, the following elements must be demonstrated: (1) a delay arising from Appellants' failure to exercise due diligence; and (2) prejudice to the Appellees resulting from the delay.

*Kern*, 892 A.2d at 9. The Commonwealth's brief merely suggests the possibility of the first of these two elements required to trigger the application of laches, and provides nothing whatsoever to demonstrate the existence of the second element. *See* Commonwealth's Brief at 8-9.

In Re: Torrey Frederick          :
Motion for Return of Property     :
                                         :
                                         :
Appeal of:                      :    No. 362 C.D. 2018
Commonwealth of Pennsylvania  :

## O R D E R

AND NOW, this 31st day of August, 2018, the June 8, 2017 order of the Centre County Court of Common Pleas granting Torrey Frederick's Petition for Return of Property (trial court order) is AFFIRMED as modified by the foregoing opinion to limit the scope of the trial court order to the return of the 17 non-contraband firearms sought to be returned by Frederick's Petition for Return of Property.

_____
CHRISTINE FIZZANO CANNON, Judge